**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
AUG 3 1 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**ASHLEY RICHARDSON,**

Plaintiff(s),

v.

1:26-CV-4969

**BRIDGECREST CREDIT COMPANY, LLC,**

Defendant(s).

Case No. ________________

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiff Ashley M. Richardson ("Plaintiff"), proceeding pro se, files this Complaint against Defendant Bridgecrest Credit Company, LLC ("Defendant" or "Bridgecrest") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and states as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages and declaratory relief brought by a consumer against a furnisher of credit information whose own records, across five months and three nationwide consumer reporting agencies, repeatedly and demonstrably contradict themselves. This case is based on Defendant's and the credit bureaus' own printed investigation results, including an Equifax update that changed no substantive field; a payment-amount field that jumped by $2,988 between two Equifax reports for the same historical payment; a TransUnion balance that was silently conformed to match the other bureaus without acknowledging the $3,253

discrepancy Plaintiff documented in writing; a TransUnion delinquency history that contradicts its own prior investigation of the identical two months; and a furnisher whose listed business address and telephone number changed three times in seven weeks.

2. Plaintiff and Defendant were previously parties to a JAMS arbitration proceeding (Ref. No. 5440002285), resulting in a Final Award issued on or about January 12, 2026. That arbitration resolved claims concerning the underlying retail installment sale contracts and Defendant's conduct predating the Award. This action does not seek to relitigate any claim, issue, or conduct raised in or resolved by that arbitration. It concerns Defendant's furnishing conduct occurring entirely after January 12, 2026—conduct that did not exist at the time of, and could not have been considered by, the arbitrator.

3. Plaintiff disputed the accuracy of two Bridgecrest tradelines directly with Bridgecrest and through Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian") on no fewer than six separate occasions between March and July 2026, and again through two formal complaints to the Consumer Financial Protection Bureau ("CFPB"). The correspondence and investigation results are attached as Exhibits A through K and listed in the Exhibit Index.

## II. PARTIES

4. Plaintiff Ashley M. Richardson is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Lawrenceville, Georgia.

5. Defendant Bridgecrest Credit Company, LLC is a business entity that regularly furnishes consumer credit information concerning Plaintiff and others to nationwide consumer reporting agencies, and is a "person" and "furnisher of information" subject to the duties imposed by 15 U.S.C. § 1681s-2(b). Defendant transacts business within this District.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant regularly conducts business and furnishes consumer information within this District, and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## IV. FACTUAL BACKGROUND

### A. The Accounts and Prior Arbitration

8. Plaintiff is the consumer on two closed Bridgecrest auto-loan tradelines: (1) a BMW account, furnished as account number ending 5101 to Equifax and as account number 20006324*** / 200063XXXXXX to TransUnion and Experian (the "BMW Account"); and (2) a Maserati account, furnished as account number ending 1701 to Equifax and as account number 20008437*** / 200084XXXXXX to TransUnion and Experian (the "Maserati Account"). The Maserati Account was opened May 5, 2021, with an original amount financed of $28,548 and a furnished charge-off amount of $18,278.

9. Both accounts were the subject of the prior arbitration resolved by the January 12, 2026 Final Award. This Complaint concerns solely Defendant's conduct as a data furnisher after that Award.

### B. Documented Disputes

10. Plaintiff's documented disputes included: a March 22, 2026 written dispute to Defendant regarding the Maserati Account (Exhibit A); May 15, 2026 certified-mail demands to Defendant and TransUnion (Exhibits B and C); June 12, 2026 Method of Verification demands to Equifax, Experian, and TransUnion (Exhibits F, G, and H); a June 26, 2026

further dispute submitted to Equifax; and a July 28, 2026 formal complaint filed with the CFPB. Each dispute identified specific, quantified inaccuracies.

**C. BMW Account**

11. Equifax's May 18, 2026 investigation results (Confirmation # 6119595813) state that the disputed information "should be updated." The before-and-after data remained substantively identical: balance $7,639; amount past due $7,639; date of last payment 03/14/2026; narrative codes 167, 213, and 214; and the same reported payment history. The only apparent change was the Date Reported, which advanced to the letter's generation date.

12. Equifax's July 7, 2026 investigation results (Confirmation # 6179510675) list the BMW Account's Actual Payment Amount as $3,253 for a payment purportedly received on 03/14/2026. Plaintiff had separately documented a $3,253 balance discrepancy between TransUnion's reported $10,892 balance and the $7,639 balance reported by Equifax and Experian.

13. Equifax's May 18, 2026 results list the Actual Payment Amount for the same 03/14/2026 payment as $265, not $3,253. Thus, the same historical payment appears with a $2,988 unexplained difference in two Equifax investigation results.

14. Equifax's July 7, 2026 results also show the Date Major Delinquency 1st Reported field populated as 06/03/2026 in the before snapshot and blank in the after snapshot, while the result states that the information is reporting accurately.

15. TransUnion's June 24, 2026 Investigation Results (File No. 314826611) list the BMW Account balance as $7,639, matching Equifax and Experian rather than the $10,892 balance Plaintiff had documented. TransUnion attributed the change generally to updates to Date Closed, Rating, and Historical Trended Data, without acknowledging the disputed balance discrepancy or explaining how it was investigated.

16. The Equifax and TransUnion investigation results list Bridgecrest at three different addresses and telephone numbers: 1800 N Colorado St, Gilbert, Arizona, (480) 813-5353; 7465 E Hampton Ave, Mesa, Arizona, (800) 967-8526; and P.O. Box 29018, Phoenix, Arizona, (800) 843-3825.

**D. Maserati Account**

17. Equifax's May 18, 2026 investigation results state that the Maserati Account was removed from Plaintiff's Equifax credit report. Equifax's May 24, 2026 results confirm that the account was not currently reporting on Equifax.

18. Plaintiff's May 15, 2026 demand documented TransUnion's March 2026 delinquency history for the Maserati Account as June 2025—30 days late; July 2025—no data; and August through October 2025—60 days late. TransUnion's June 24, 2026 results for the same account report June 2025—60 days late and July 2025—30 days late, with no explanation for the changed historical reporting.

19. Experian's July 1, 2026 account records show the Maserati Account, identified as DRIVETIME/BRIDGECREST, continuing to report derogatory history through the report date, including charge-off status, $18,278 written off, and $18,133 past due.

**E. CFPB Complaint and Post-Arbitration Conduct**

20. On July 28, 2026, Plaintiff filed a second CFPB complaint addressing the post-arbitration inaccuracies. The response Plaintiff received did not address the specific discrepancies identified and instead relied on the existence of the January 12, 2026 arbitration award.

**F. Harm**

21. Plaintiff alleges that Defendant's furnishing conduct failed to satisfy the accuracy and investigation obligations described in 15 U.S.C. §§ 1681e(b) and 1681s-2(a)-(b).

22. Inaccurate and internally contradictory information continues to depress Plaintiff's credit standing and restrict access to credit on fair terms.

23. Plaintiff incurred certified-mail expenses and spent significant time preparing and submitting detailed, field-specific disputes to Defendant, the nationwide consumer reporting agencies, and the CFPB.

24. As a direct and proximate result of Defendant's conduct, Plaintiff alleges actual damages including damage to creditworthiness and credit score, denial of credit or extension of credit on worse terms, out-of-pocket expenses, wasted time, and emotional distress.

## V. COUNT I—VIOLATION OF 15 U.S.C. § 1681s-2(b) (BMW ACCOUNT)

25. Plaintiff incorporates by reference all preceding paragraphs.

26. Defendant received notice through Equifax, TransUnion, and Experian of Plaintiff's disputes regarding the BMW Account on multiple occasions between March and July 2026.

27. Defendant failed to conduct a reasonable investigation, as demonstrated by the unchanged Equifax substantive fields, the $2,988 discrepancy in the Actual Payment Amount field, the appearance of the $3,253 disputed balance discrepancy in that field, and TransUnion's unexplained conformance of the disputed balance from $10,892 to $7,639.

28. Plaintiff alleges that Defendant's violations were willful or, alternatively, negligent, and seeks the remedies available under 15 U.S.C. §§ 1681n and 1681o.

## VI. COUNT II—VIOLATION OF 15 U.S.C. § 1681s-2(b) (MASERATI ACCOUNT)

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Defendant received notice through Equifax, TransUnion, and Experian of Plaintiff's disputes regarding the Maserati Account on multiple occasions between March and July 2026.

31. Defendant failed to conduct a reasonable investigation, as demonstrated by Equifax's deletion of the account, TransUnion's contradictory historical delinquency results, and continued derogatory furnishing to Experian.

32. Plaintiff alleges that Defendant's violations were willful or, alternatively, negligent, and seeks the remedies available under 15 U.S.C. §§ 1681n and 1681o.

## VII. COUNT III—DECLARATORY RELIEF

33. Plaintiff incorporates by reference all preceding paragraphs.

34. An actual and continuing controversy exists regarding Defendant's post-award furnishing obligations concerning the BMW and Maserati Accounts.

35. Plaintiff seeks a declaration that Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the BMW and Maserati Accounts; that Defendant furnished internally inconsistent or unverified information; that the January 12, 2026 arbitration award does not resolve Defendant's post-award furnishing conduct; and that Defendant must furnish accurate and internally consistent information going forward.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor; award actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o; award statutory and punitive damages pursuant to 15 U.S.C. § 1681n; award costs; enter the declaratory relief requested; order accurate, consistent, and reconciled furnishing regarding the BMW and Maserati Accounts, or deletion if accurate reporting cannot be assured; and grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## EXHIBIT INDEX

Exhibit A—March 22, 2026—Third dispute letter to Bridgecrest regarding Maserati Account.

Exhibit B—May 15, 2026—FCRA notice and demand sent to Bridgecrest regarding Maserati Account.

Exhibit C—May 15, 2026—FCRA notice and demand sent to TransUnion regarding the BMW and Maserati Accounts.

Exhibit D—May 18, 2026—Equifax Investigation Results, Confirmation # 6119595813.

Exhibit E—May 24, 2026—Equifax Investigation Results, Confirmation # 6144505248.

Exhibit F—June 12, 2026—Method of Verification demand sent to Equifax.

Exhibit G—June 12, 2026—Method of Verification demand sent to Experian.

Exhibit H—June 12, 2026—Method of Verification demand sent to TransUnion.

Exhibit I—June 24, 2026—TransUnion Investigation Results, File No. 314826611.

Exhibit J—July 1, 2026—Experian account detail records, Report No. 3574-6572-20.

Exhibit K—July 7, 2026—Equifax Investigation Results, Confirmation # 6179510675.

Respectfully submitted,

Ashley Richardson

1094 Simonton Hill Ct

Lawrenceville, GA 30045

Richardson256@gmail.com

# EXHIBIT A

March 22, 2026

Third dispute letter to Bridgecrest Credit Company re: Maserati Account (Account 200084XXXXX)

Ashley Richardson

1094 Simonton Hill Ct

Lawrenceville, GA 30045

03/22/2026

Re: THIRD DISPUTE – Failure to Properly Investigate

Account: BRIDGECREST – Account #200084XXXXX

Formal Dispute Under 15 U.S.C. §1681i and §1681e(b)

To Whom It May Concern:

This is my THIRD written dispute regarding the above-referenced BRIDGECREST account. You have been repeatedly notified that the reporting on this tradeline is inaccurate, incomplete, and misleading. Despite my prior disputes, you and Bridgecrest have failed to conduct a proper, reasonable reinvestigation as required by 15 U.S.C. §1681i, and you continue to report information that does not meet the "maximum possible accuracy" standard under 15 U.S.C. §1681e(b).

The account is currently being reported as a charge-off with a past-due balance of $18,133 and derogatory comments, yet the payment history and dates you are publishing are inconsistent, conflicting, and not Metro 2® compliant.

The following issues are specifically disputed:

1. Conflicting Payment History vs. Charge-Off Status

The account is reported as "Charged off as bad debt" / "Charge-off," with a large past-due balance. However, one bureau shows a string of "OK" payments for the same period that other bureaus show multiple 30- and 60-day delinquencies and a charge-off code. These patterns cannot all be true at the same time for the same account.

Under Metro 2®, the Payment History Profile (PHP) and Payment Rating fields must accurately and uniformly reflect the true delinquency pattern. Reporting a charge-off while simultaneously showing all "OK" payments on one bureau is contradictory and misleading, and violates 15 U.S.C. §1681e(b).

2. Conflicting Dates of Last Activity and Last Payment

The Date Last Active and Date of Last Payment are reported differently across bureaus. Some reports show activity and payments into late 2025 and early 2026, while I am asserting that this account should have been closed as of July 2025.

Metro 2® requires that the Date of Account Information / Activity and Date of Last Payment accurately reflect the true status and timing of the account. These conflicting dates, combined with the charge-off status, create a materially misleading picture and fail to meet the "maximum possible accuracy" standard.

3. Derogatory Comments and Charge-Off Notations After Inadequate Investigation

You are reporting derogatory comments such as "Dispute resolved; customer disagrees," "Completed investigation of FCRA dispute — consumer disagrees," and "CHARGED OFF ACCOUNT."

I have already disputed this account multiple times and requested proper documentation and verification. Bridgecrest has not provided proper letters or documentation to substantiate the charge-off and the way it is being reported. Continuing to publish these derogatory comments and charge-off notations after inadequate investigations is a violation of 15 U.S.C. §1681i and §1681e(b).

4. Failure to Close the Account as of July 2025

I am asserting that this account should have been closed effective July 2025. Any reporting of activity, delinquencies, or charge-off status beyond that date that cannot be fully substantiated is inaccurate and misleading.

If Bridgecrest cannot provide complete, contemporaneous records proving the accuracy of the post–July 2025 reporting, then the continued publication of those derogatory notations is improper.

Your failure to correct these issues after multiple disputes demonstrates that you have not conducted a reasonable reinvestigation as required by 15 U.S.C. §1681i. You have been warned, and this letter further documents your ongoing noncompliance.

DEMAND FOR REINVESTIGATION AND REMOVAL OF DEROGATORY REMARKS

Pursuant to 15 U.S.C. §1681i, I am demanding a full and reasonable reinvestigation of this tradeline. Specifically, I am demanding that you:

1. Obtain complete documentation from Bridgecrest supporting the charge-off, the alleged delinquencies, and all dates of activity and last payment;

2. Verify whether the account should, in fact, have been closed as of July 2025;

3. Remove all derogatory notations and marks, including any charge-off status, past-due amounts, and negative comments that cannot be fully substantiated with accurate, consistent records.

4. Correct all Metro 2® fields (Payment History Profile, Payment Rating, Date of Last Payment, Date of Account Information, Comments, and Status) so that they are accurate, uniform, and non-misleading; and

5. If Bridgecrest cannot provide proper documentation to support the current reporting, delete the derogatory information and update the account to reflect closure as of July 2025.

I am explicitly demanding the removal of all derogatory notations and marks associated with this account and the correction of the account to show it closed as of July 2025 if you cannot fully verify the accuracy of the current reporting.

Please complete your reinvestigation within the time allowed by law and provide me with written confirmation of the results, including a detailed description of any changes made to my file.

Sincerely,

# EXHIBIT B

May 15, 2026

Formal Notice of FCRA Violations & Demand for Correction/Deletion sent to Bridgecrest Credit Company re: Maserati Account

**Ashley Richardson**
1094 Simonton Hill Ct
Lawrenceville, GA 30045
May 15, 2026

**Bridgecrest Credit Company**
ATTN: Consumer Disputes / Compliance
P.O. Box 29018
Phoenix, AZ 85038
Phone: (480) 813-5200

**FORMAL NOTICE OF FCRA VIOLATIONS & DEMAND FOR CORRECTION / DELETION**

**SENT VIA CERTIFIED MAIL — TIME-SENSITIVE: RESPONSE REQUIRED WITHIN 30 DAYS**

RE: Bridgecrest Credit Company — Maserati Auto Loan — Account 200084XXXXXX

## I. INTRODUCTION

I, Ashley Richardson, am the consumer and account holder on the above-referenced account. This letter is formal notice under the FCRA, 15 U.S.C. § 1681 et seq., that your organization has violated its obligations as a furnisher of consumer credit information. I have previously submitted disputes through each credit reporting agency's online portal AND via written certified mail sent directly to your organization. Despite these documented, multiple dispute submissions, the inaccurate information described below continues to appear on my consumer credit reports without adequate resolution.

## II. LEGAL OBLIGATIONS AS A FURNISHER

• 15 U.S.C. § 1681e(b) — Maximum Possible Accuracy: Requires both CRAs and furnishers to maintain reasonable procedures to assure maximum possible accuracy of all consumer information reported.

• 15 U.S.C. § 1681s-2(a) — Duty to Furnish Accurate Information: Prohibits any person from furnishing information to a CRA that it knows or has reasonable cause to believe is inaccurate.

• 15 U.S.C. § 1681s-2(b) — Duty to Investigate Disputes: Upon receiving notice of a dispute from a CRA, the furnisher must conduct a reasonable investigation, review all relevant information, and correct or delete inaccurate or unverifiable information.

• 15 U.S.C. § 1681i — Reinvestigation of Disputed Information: CRAs must complete reinvestigation within 30 days and delete or modify inaccurate, incomplete, or unverifiable items.

• 15 U.S.C. § 1681o — Civil Liability for Negligent Noncompliance: Actual damages, attorney's fees, and costs for negligent failure to comply with any FCRA requirement.

• 15 U.S.C. § 1681n — Civil Liability for Willful Noncompliance: Statutory damages of $100–$1,000 per violation, punitive damages, and attorney's fees for willful noncompliance.

**III. ACCOUNT SUMMARY**

Account Type: Auto Installment | Status: Closed / Charged Off

Date Opened: 05/05/2021 | Original Amount: $28,548 | Charge-Off Amount: $18,278

Balance: $18,133 (as of May 2026)

**IV. NATURE OF DISPUTE — EXACT DATES PER BUREAU**

The consumer disputes ALL derogatory payment history notations on this account. The derogatory marks appear inconsistently across credit bureaus, which itself establishes that the reported data cannot meet the maximum possible accuracy standard of 15 U.S.C. § 1681e(b):

Per EXPERIAN (May 15, 2026 Report):

- June 2025 — 60 Days Late
- July 2025 — 30 Days Late
- August 2025 — 60 Days Late
- September 2025 — 60 Days Late
- October 2025 — 60 Days Late
- November–December 2025 — Charge Off
- January–May 2026 — Charge Off

Per TRANSUNION (Dispute Results, March 2026):

- June 2025 — 30 Days Late (Experian reports this same month as 60 — DISCREPANCY)
- July 2025 — No Data
- August–October 2025 — 60 Days Late
- November–December 2025 — Charge Off
- January–April 2026 — Charge Off

The June 2025 discrepancy — 30 days on TransUnion vs. 60 days on Experian for the exact same month — is a direct violation of 15 U.S.C. § 1681s-2(a). Your organization is the data furnisher and is responsible for reporting consistent, accurate data to all bureaus. Furnishing materially different delinquency levels for the same period to different bureaus is demonstrably inaccurate reporting.

NOTE: Experian's file carries the notation 'Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)' confirming this dispute is on record. TransUnion also shows narrative codes 022 (Consumer disputes) and 166 (Consumer disputes this account information) on this account. Despite this documented dispute history across all bureaus, no substantive correction has been made.

The consumer does NOT seek removal of the account tradeline. The consumer specifically demands deletion of the derogatory payment history marks only, while the closed tradeline may remain reflecting the long period of clean payment history prior to the disputed marks.

**V. FAILURE TO PROVIDE PRE-REPORTING NOTICE**

Prior to furnishing any of the negative information described above to any consumer reporting agency, your organization failed to provide this consumer with advance written notice. While the FCRA does not impose a universal pre-reporting notice requirement in all circumstances, this failure — combined with the disputed accuracy of the underlying data and the cross-bureau inconsistencies detailed above — demonstrates a pattern of disregard for the consumer's rights under 15 U.S.C. §§ 1681e(b) and 1681s-2(a). The consumer has submitted certified mail disputes to your organization on multiple occasions prior to this notice.

**VI. DEMAND FOR RELIEF**

1. DELETE all derogatory payment history marks (30-day, 60-day lates and all Charge Off designations) from ALL consumer reporting agencies — Experian, TransUnion, and Equifax.
2. CORRECT the June 2025 reporting discrepancy (30 days on TU vs. 60 days on Experian) to a single consistent, verified figure across all bureaus.
3. NOTIFY all three bureaus of the deletion and provide account update to reflect clean payment history.
4. PROVIDE written confirmation to this consumer within 30 days.

**VII. NOTICE OF ESCALATION**

If your organization fails to take the corrective action demanded above within THIRTY (30) DAYS of receipt of this notice, the consumer will pursue all available remedies including: (1) complaints with the Consumer Financial Protection Bureau (consumerfinance.gov/complaint); (2) complaints with the Georgia Attorney General's Office; and (3) Current civil litigation in federal district court seeking actual damages, statutory damages of $100–$1,000 per violation under 15 U.S.C. § 1681n, punitive damages, and attorney's fees. This notice constitutes formal legal notice for all purposes under the FCRA.

Ashley Richardson
Consumer
May 15, 2026

# EXHIBIT C

May 15, 2026

Formal Notice of FCRA Violations & Demand for Correction/Deletion sent to TransUnion LLC re: multiple accounts including the BMW and Maserati Accounts

14015485.1.1-8

Ashley Richardson
1094 Simonton Hill Ct
Lawrenceville GA 30045
Richardson256@gmail.com

**USPS CERTIFIED MAIL**

9214 8901 4298 0479 3399 54

0014015485000011
Transunion Consumer Solutions
PO Box 2000
Chester PA 19016
USA

14015485.1.2-8

**Ashley Richardson**
1094 Simonton Hill Ct
Lawrenceville, GA 30045
May 15, 2026

**TransUnion LLC**
ATTN: Consumer Disputes / Compliance Department
P.O. Box 2000
Chester, PA 19016
File ID: 000314826611

## FORMAL NOTICE OF FCRA VIOLATIONS & DEMAND FOR CORRECTION / DELETION

## SENT VIA CERTIFIED MAIL — TIME-SENSITIVE: RESPONSE REQUIRED WITHIN 30 DAYS

RE: Multiple Disputed Accounts — Ashley Richardson | DOB: 08/08/1989

### I. INTRODUCTION

I, Ashley Richardson, am a consumer as defined under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. I have disputed the accounts listed below on multiple occasions through TransUnion's online dispute portal and via written certified mail sent directly to each furnisher. Despite these documented, repeated disputes, TransUnion continues to report inaccurate, unverifiable, and/or inconsistent information on my consumer file in violation of federal law. This letter is formal notice of those ongoing violations and a final demand for compliance prior to legal escalation.

### II. LEGAL OBLIGATIONS — TRANSUNION AS A CRA

• 15 U.S.C. § 1681e(b) — Maximum Possible Accuracy: Requires both CRAs and furnishers to maintain reasonable procedures to assure maximum possible accuracy of all consumer information reported.

• 15 U.S.C. § 1681s-2(a) — Duty to Furnish Accurate Information: Prohibits any person from furnishing information to a CRA that it knows or has reasonable cause to believe is inaccurate.

• 15 U.S.C. § 1681s-2(b) — Duty to Investigate Disputes: Upon receiving notice of a dispute from a CRA, the furnisher must conduct a reasonable investigation, review all relevant information, and correct or delete inaccurate or unverifiable information.

• 15 U.S.C. § 1681i — Reinvestigation of Disputed Information: CRAs must complete reinvestigation within 30 days and delete or modify inaccurate, incomplete, or unverifiable items.

• 15 U.S.C. § 1681o — Civil Liability for Negligent Noncompliance: Actual damages, attorney's fees, and costs for negligent failure to comply with any FCRA requirement.

• 15 U.S.C. § 1681n — Civil Liability for Willful Noncompliance: Statutory damages of $100–$1,000 per violation, punitive damages, and attorney's fees for willful noncompliance.

14015485.1.3-8

## III. SPECIFIC ACCOUNT DISPUTES, EXACT DATES, AND DEMANDS

### A. BRIDGECREST CREDIT COMPANY — Maserati Auto — Account ****1701

Account Type: Auto Installment | Status: Closed / Charged Off | Original: $28,548 | Charge-Off: $18,278

Derogatory Payment History on TransUnion (per dispute results):

- June 2025 — 30 Days Late (TU dispute PDF shows 30; Experian shows 60 — cross-bureau discrepancy)
- July 2025 — No Data / Blank (data gap is itself an accuracy issue)
- August 2025 — 60 Days Late
- September 2025 — 60 Days Late
- October 2025 — 60 Days Late
- November 2025 — Charge Off
- December 2025 through May 2026 — Charge Off (continuing)

NOTE: Experian reports June 2025 as 60 days late while TransUnion reports it as 30 — a direct cross-bureau discrepancy on the same account for the same month, which is a per se violation of § 1681e(b) maximum possible accuracy. The consumer does NOT seek removal of the tradeline — only deletion of all derogatory payment history notations.

Demand: DELETE all derogatory payment history notations listed above from TransUnion's consumer file. Account tradeline (closed) may remain.

### B. BRIDGECREST CREDIT COMPANY — BMW Auto — Account ****5101

Account Type: Auto Installment | Status: Closed / Repossession | Original: $21,329 | Last Payment: 03/14/2026

Derogatory Payment History on TransUnion (per screenshots):

- July 2025 — 30 Days Late
- August 2025 — 60 Days Late
- September 2025 — 60 Days Late
- October 2025 — 60 Days Late
- November 2025 — 90 Days Late
- December 2025 — Repossession
- January 2026 — Repossession
- April 2026 — Repossession (continuing)

BALANCE DISCREPANCY: TransUnion reports $10,892; Experian reports $7,639 — a $3,253 difference on the same closed account. This is a violation of § 1681e(b). The consumer does NOT seek removal of the tradeline — only deletion of all derogatory payment history notations.

Demand: DELETE all derogatory payment history (30, 60, 90, Repossession marks). CORRECT balance discrepancy vs. Experian ($3,253 difference). Tradeline may remain.

14015485.1.4-8



14015485.1.5-8



14015485.1.6-8

[redacted]

**IV. CROSS-BUREAU DISCREPANCY VIOLATIONS SUMMARY**

The following material discrepancies across bureaus independently violate 15 U.S.C. § 1681e(b):

[redacted]

- Bridgecrest BMW ****5101: $10,892 (TU) vs. $7,639 (Experian) — $3,253 discrepancy
- Bridgecrest Maserati ****1701: June 2025 reported as 30-day late (TU) vs. 60-day late (Experian)

[redacted]

**V. FAILURE TO PROVIDE PRE-REPORTING NOTICE**

The consumer was not provided advance written notice before any of the negative information listed above was furnished to TransUnion. This consumer has also mailed certified dispute letters directly to each furnisher prior to this submission. Despite all of this, TransUnion's March 2026 reinvestigation (File ID: 000314826611) made only superficial updates to remarks and historical trended data — without substantively correcting any of the derogatory payment marks. This pattern of rubber-stamp re-verification violates the meaningful investigation requirement of 15 U.S.C. § 1681i. See Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997).

**VI. DEMAND FOR RELIEF**

Within THIRTY (30) DAYS of receipt of this notice, TransUnion must:

1. DELETE all derogatory payment history from Bridgecrest Maserati ****1701 (Jun–Dec 2025, Jan–May 2026 CO/late marks); tradeline may remain.

2. DELETE all derogatory payment history from Bridgecrest BMW ****5101 (Jul–Nov 2025 lates, Dec 2025–Apr 2026 R marks) and CORRECT the balance discrepancy; tradeline may remain.

[redacted]

14015485.1.7-8

[redacted]

8. CORRECT all cross-bureau balance and date discrepancies noted above.

9. PROVIDE written confirmation of all corrections and notify all recent report recipients under 15 U.S.C. § 1681j.

Failure to comply within 30 days will result in CFPB complaints, Georgia Attorney General complaints, and federal civil litigation seeking all remedies under 15 U.S.C. §§ 1681n and 1681o.

Ashley Richardson

Consumer

May 15, 2026

# EXHIBIT D

May 18, 2026

Equifax Investigation Results (Confirmation # 6119595813)

P.O. Box 740241
Atlanta, GA 30374

EQUIFAX

Date: May 18, 2026
Confirmation # 6119595813

ASHLEY M RICHARDSON
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

This section intentionally left blank

Prepared for:

**ASHLEY M RICHARDSON**

EQUIFAX

Date: May 18, 2026
Confirmation # 6119595813

We have completed our investigation of your dispute request. The following pages contain details about the information that you disputed and the results of our investigation.

**There are a few things to know about the credit report dispute process:**

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the disputed information to Equifax so that they could further research your dispute.

**When we contacted the reporting company to research your dispute:**

- We requested that the reporting company verify the accuracy of the information you disputed;
- We provided them with any relevant information and supporting documentation you provided us with the dispute to consider as part of their research; and
- We requested that they send Equifax a response to your dispute and update their records and systems, as necessary.

**Reading your dispute result:**

- We have provided information about each item that you disputed, including how it currently appears on your Equifax credit report.
- The results of your dispute are specific to each item that you disputed and may be different. For each item, we either confirmed that the disputed item is either reporting correctly, updated information about the item, or removed the item from your credit report.
- Where it is available, we have provided the payment history for disputed credit accounts. The below legend provides information about how to read the payment history status of the account in each month.

**Payment History Legend**

| | | | | |
|---|---|---|---|---|
| ✓ Paid on Time | **30** 30 Days Past Due | **60** 60 Days Past Due | **90** 90 Days Past Due | **120** 120 Days Past Due |
| **150** 150 Days Past Due | **180** 180 Days Past Due | **V** Voluntary Surrender | **F** Foreclosure | **C** Collection Account |
| **CO** Charge Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate | ▪ No Data Available |

**We are here to help:**

If you have any questions about your dispute result after reviewing this document, please visit us at **www.equifax.com/personal/disputes**, or call us at **1-888-EQUIFAX (888-378-4329)**.

# Removed Credit, Collection, and Bankruptcy Items

**You disputed the item(s) listed below. Based on our investigation, we have removed the item(s) from your Equifax credit report. You may also check with the other nationwide credit reporting agencies (Experian and TransUnion) to see if they are reporting the below information.**

| Disputed Information | Type of Item | You indicated that | Dispute Result |
|---|---|---|---|
| **BRIDGECREST CREDIT COMPANY**<br>1800 N COLORADO ST, GILBERT, AZ, 85233<br>(480) 813-5353<br>Account *1701 | Credit Account | The status, payment history, or payment rating on this account was inaccurate. | We have removed this item from your Equifax credit report. |

# Disputed Credit Accounts

**BRIDGECREST CREDIT COMPANY** 1800 N COLORADO ST, GILBERT, AZ, 85233 | (480) 813-5353

## When we received your dispute, your credit account information was:

Account Number: ***5101** | Owner: **Individual Account**
Loan/Account Type: **Auto** | Status: **Repossession**

Date Reported: **04/15/2026** | Balance: **$7,639**
Credit Limit: - | High Credit: **$21,329**

Date Opened: **08/19/2020**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: **$265**
Date of Last Payment: **03/14/2026**
Term Duration: **72 Months**

Date of 1st Delinquency: **07/28/2025**
Date Major Delinquency 1st Reported: -
Amount Past Due: **$7,639**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **66**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **167, 213, 214**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | R | - | - | - | - | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 60 | 60 | 90 | R |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

| Narrative Code | Narrative Code Description |
|---|---|
| 167 | Consumer Disputes After Resolution |
| 213 | Involuntary Repossession |
| 214 | Auto |

**You indicated that the status, payment history, or payment rating on this account was inaccurate. Our investigation concluded that the disputed information should be updated.**

## The credit account information after completing the dispute investigation is:

Account Number: ***5101** | Owner: **Individual Account**
Loan/Account Type: **Auto** | Status: **Repossession**

Date Reported: **05/18/2026** | Balance: **$7,639**
Credit Limit: - | High Credit: **$21,329**

Date Opened: **08/19/2020**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: **$265**
Date of Last Payment: **03/14/2026**
Term Duration: **72 Months**

Date of 1st Delinquency: **07/28/2025**
Date Major Delinquency 1st Reported: -
Amount Past Due: **$7,639**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **66**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **167, 213, 214**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | R | - | - | - | - | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 60 | 60 | 90 | R |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

| Narrative Code | Narrative Code Description |
|---|---|
| 167 | Consumer Disputes After Resolution |
| 213 | Involuntary Repossession |
| 214 | Auto |

### Answers to your questions or general requests:

Inquiries are a factual record of all companies that accessed your credit report. This record is required by the Fair Credit Reporting Act (FCRA). So you can have a better view of who has accessed your credit report, Equifax keeps all inquiries on your credit report for two years.

- PLEASE BE ADVISED EQUIFAX IS UNABLE TO HONOR YOUR REQUEST BY SENDING A REVISED COPY OF YOUR EQUIFAX CREDIT FILE AS NO SPECIFIC CREDITOR GRANTOR NAME WAS PROVIDED. PLEASE PROVIDE THE NAME OF THE CREDIT GRANTOR YOU WISH TO RECEIVE A COPY OF YOUR REVISED EQUIFAX CREDIT FILE. THIS CREDIT GRANTOR WOULD HAVE ACCESSED YOUR REPORT WITHIN THE LAST 6 MONTHS FOR CREDIT PURPOSES OR 2 YEARS FOR EMPLOYMENT PURPOSES.

### What should I do if I do not agree with the dispute results?

**You have rights:**

- You have the right to add a statement of up to 100 words to your credit report to provide more information on an item you disagree with or would like to provide details on. A consumer statement is visible to lenders and other third parties who access your Equifax credit report; it will not affect your credit score. You can add, edit or delete your consumer statement on your Equifax credit report for free and at any time. By adding a consumer statement, you expressly consent to include this information in every credit report we issue about you.
- Or, if you have new or additional evidence of the inaccuracy, you may re-file your dispute by visiting our website **www.equifax.com/personal/disputes**, mailing your documents to Equifax, P.O. Box 740256, Atlanta, GA 30374-0256, or contact us by calling us at 888-EQUIFAX (888-378-4329).
- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.
- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

### Additional information about your rights:

- If the reinvestigation results in the deletion of disputed information, or you submit a consumer statement, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.
- You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number. For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://www.equifax.com/personal/help/disputes/.

# EXHIBIT E

May 24, 2026

Equifax Investigation Results (Confirmation # 6144505248)

P.O. Box 740241
Atlanta, GA 30374

EQUIFAX

Date: May 24, 2026
Confirmation # 6144505248

ASHLEY M RICHARDSON
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

---

This section intentionally left blank

Prepared for:

**ASHLEY M RICHARDSON**

EQUIFAX

Date: May 24, 2026
Confirmation # 6144505248

We have completed our investigation of your dispute request. The following pages contain details about the information that you disputed and the results of our investigation.

**There are a few things to know about the credit report dispute process:**

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the disputed information to Equifax so that they could further research your dispute.

**When we contacted the reporting company to research your dispute:**

- We requested that the reporting company verify the accuracy of the information you disputed;
- We provided them with any relevant information and supporting documentation you provided us with the dispute to consider as part of their research; and
- We requested that they send Equifax a response to your dispute and update their records and systems, as necessary.

**Reading your dispute result:**

- We have provided information about each item that you disputed, including how it currently appears on your Equifax credit report.
- The results of your dispute are specific to each item that you disputed and may be different. For each item, we either confirmed that the disputed item is either reporting correctly, updated information about the item, or removed the item from your credit report.
- Where it is available, we have provided the payment history for disputed credit accounts. The below legend provides information about how to read the payment history status of the account in each month.

**Payment History Legend**

| | | | | |
|---|---|---|---|---|
| ✓ Paid on Time | **30** 30 Days Past Due | **60** 60 Days Past Due | **90** 90 Days Past Due | **120** 120 Days Past Due |
| **150** 150 Days Past Due | **180** 180 Days Past Due | **V** Voluntary Surrender | **F** Foreclosure | **C** Collection Account |
| **CO** Charge Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate | ■ No Data Available |

**We are here to help:**

If you have any questions about your dispute result after reviewing this document, please visit us at **www.equifax.com/personal/disputes**, or call us at **1-888-EQUIFAX (888-378-4329)**.

# Disputed Non-Reporting Items

**You disputed the item(s) listed below. However, they are not currently reporting on your Equifax credit report. We recommend contacting the reporting company directly. You may also check with the other nationwide credit reporting agencies (Experian and TransUnion) to see if they are reporting the below information.**

**Most common reasons why some information may not be listed on your Equifax credit report:**

- **Reporting Practices:** Not all lenders and creditors report to all three nationwide credit reporting agencies.
- **Time Limitations:** Accounts, particularly those that are closed or contain negative information, are removed from your credit report after a specific period.
- **Previous Requests:** Some information may have already been removed if a previous dispute was submitted to the lender, creditor, or other nationwide credit reporting agency.

| Disputed Information | Type of Item | Result of Dispute |
|---|---|---|
| **Company Name: Bridgecrest credit company**<br>**Account Number: 1701**<br>**Open Date: 05/04/2021** | Credit Account | This item is not currently reporting on your Equifax credit report. |

**Answers to your questions or general requests:**

When we receive your dispute, we first review the information and consider any relevant information you submitted regarding your dispute. If additional research is needed, Equifax will send your dispute and the information you shared to the company that furnished the information to Equifax - like a credit card company. They will review the information and conduct their own research. They will send the results back and Equifax will review it. If your dispute is related to a bankruptcy, Equifax searches for the most recent update to that bankruptcy information. We may also hire a vendor to obtain the most recent filing from the public record source. Once the information is returned to us, Equifax will make updates to your credit report as needed. If you want to see who we contacted during the dispute process, you can find the name and contact information, if available, in the Results of Investigation Letter sent to you.

- PLEASE BE ADVISED EQUIFAX IS UNABLE TO HONOR YOUR REQUEST BY SENDING A REVISED COPY OF YOUR EQUIFAX CREDIT FILE AS NO SPECIFIC CREDITOR GRANTOR NAME WAS PROVIDED. PLEASE PROVIDE THE NAME OF THE CREDIT GRANTOR YOU WISH TO RECEIVE A COPY OF YOUR REVISED EQUIFAX CREDIT FILE. THIS CREDIT GRANTOR WOULD HAVE ACCESSED YOUR REPORT WITHIN THE LAST 6 MONTHS FOR CREDIT PURPOSES OR 2 YEARS FOR EMPLOYMENT PURPOSES.

**What should I do if I do not agree with the dispute results?**

**You have rights:**

- You have the right to add a statement of up to 100 words to your credit report to provide more information on an item you disagree with or would like to provide details on. A consumer statement is visible to lenders and other third parties who access your Equifax credit report; it will not affect your credit score. You can add, edit or delete your consumer statement on your Equifax credit report for free and at any time. By adding a consumer statement, you expressly consent to include this information in every credit report we issue about you.
- Or, if you have new or additional evidence of the inaccuracy, you may re-file your dispute by visiting our website **www.equifax.com/personal/disputes**, mailing your documents to Equifax, P.O. Box 740256, Atlanta, GA 30374-0256, or contact us by calling us at 888-EQUIFAX (888-378-4329).
- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.
- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

**Additional information about your rights:**

- If the reinvestigation results in the deletion of disputed information, or you submit a consumer statement, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.
- You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number. For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://www.equifax.com/personal/help/disputes/.

# EXHIBIT F

June 12, 2026

Method of Verification demand sent to Equifax Information Services, LLC

14224086.1.1-10

Ashley Richardson
1094 Simonton Hill Ct
Lawrenceville GA 30045
Richardson256@gmail.com

**USPS CERTIFIED MAIL**

9214 8901 4298 0483 9219 61

0014224086000011
Equifax
P.O. Box 740256
Atlanta GA 30374
USA

14224086.1.2-10

**Ashley Richardson**
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

June 12, 2026

**Equifax Information Services, LLC**
P.O. Box 740256
Atlanta, GA 30374-0256

**SUBJECT: OFFICIAL REQUEST FOR METHOD OF VERIFICATION (MOV) & NOTICE OF METRO 2 NON-COMPLIANCE**

To Whom It May Concern,

I am writing to formally request the exact **Method of Verification (MOV)** utilized during your recent investigation of the disputed accounts listed below. This request is explicitly made pursuant to the Fair Credit Reporting Act (FCRA), **15 U.S.C. § 1681i(a)(7)**, which dictates that a consumer reporting agency must provide a detailed description of the procedure used to determine the accuracy and completeness of disputed information within 15 days of the request.

Please provide the comprehensive verification details for the following accounts as they appear on my Equifax credit profile:

> **1. Bridgecrest Credit Company**
> Account Number: ********5101
> Nature of Discrepancy: Inaccurate reporting of payment status, historical trade line inaccuracies, and technical failure to meet Metro 2 guidelines for closed/repossession indicators.

[redacted]

4086.1.3-10

[redacted]

A simple automated verification via the e-OSCAR system does not satisfy your statutory requirements under federal law. The visual data blocks and credit file histories indicate severe **Metro 2 compliance protocol violations**. Specifically, Base Segment fields including the "Account Status," "Payment Rating," and "Special Comment" codes are fundamentally misaligned, contradicting the strict rules set forth by the Consumer Data Industry Association (CDIA).

Under **15 U.S.C. § 1681s-2b** and standard consumer financial protection laws, reporting incorrect data fields lowers my credit standing unlawfully, representing an active consumer law violation. To comply with my statutory rights, your description must explicitly include:

- The business name, full address, and direct telephone number of any consumer data furnisher or contact person involved in this verification process.
- The specific documentation and manual records reviewed, rather than an electronic "verified" notification flag.
- An explanation of why Metro 2 data field validation checks are failing across these distinct entries.

Please provide a full, complete resolution and clear written explanation regarding these procedures. Failure to provide this mandatory statutory disclosure within the 15-day legislative period will result in an immediate escalated complaint to the Consumer Financial Protection Bureau (CFPB) and appropriate legal remedies for non-compliance.

Sincerely,

*Ashley Richardson*

**Ashley Richardson**

14224086.1.4-10

**NOTICE OF CONSUMER DISPUTE & LEGAL DEMAND FOR REINVESTIGATION**

**PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.**

**RESPONSE TO CLAIM THAT DISPUTE 'DID NOT COME FROM CONSUMER'**

## I. PURPOSE OF THIS LETTER

I am writing directly to you as the consumer whose credit file is at issue. I am aware that your organization has sent — or may send — a response to my recent dispute(s) claiming that the dispute 'did not come from me,' 'appears to have been submitted by a third party,' or that you require me to contact you directly before you will process the dispute.

This letter serves as my direct, personal, written confirmation that:

- The disputes submitted to your organization regarding my credit file are MY disputes. I reviewed my credit report, I identified the inaccurate items, and I directed those disputes to be submitted on my behalf.
- I have the absolute legal right to use any representative, tool, or assistance I choose to submit credit disputes. That right is expressly granted to me by federal law.
- Your organization is legally required to process and reinvestigate my disputes regardless of the format in which they were submitted or whether assistance was used in preparing them.
- Any response claiming my disputes are invalid, not from me, or do not trigger your reinvestigation obligation is factually incorrect and legally insufficient.

## II. FEDERAL LAW GIVES ME THE RIGHT TO DISPUTE THROUGH A REPRESENTATIVE

The Fair Credit Reporting Act is clear. 15 U.S.C. § 1681i(a)(1)(A) states:

***"If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer OR THE CONSUMER'S REPRESENTATIVE, the agency shall, free of charge, conduct a reasonable reinvestigation..."***

Congress deliberately wrote the words 'or the consumer's representative' into the statute. This means I have an explicit, unqualified right under federal law to submit disputes through an authorized representative of my choosing. Your organization's reinvestigation obligation is triggered equally whether I submit a dispute myself by hand or through any representative I have authorized to act on my behalf.

14224086.1.5-10

Your organization has no legal authority to:

- Refuse to process a dispute because it was submitted through a representative or dispute assistance platform;
- Require that I personally resubmit a dispute that has already been submitted on my behalf;
- Impose additional requirements beyond what the FCRA specifies as a condition of processing my dispute;
- Send a rejection letter claiming my dispute is invalid based solely on the method or channel through which it was submitted.

Any such practice is a direct violation of 15 U.S.C. § 1681i and may constitute a deceptive act or practice under the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5531.

**III. THE CREDIT REPAIR ORGANIZATIONS ACT CONFIRMS MY RIGHT TO THIRD-PARTY ASSISTANCE**

The Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 et seq., is a federal law that expressly governs and regulates organizations that assist consumers with credit disputes. CROA exists specifically because Congress recognized that consumers have the right to use professional assistance when disputing credit report information.

If Congress intended for third-party dispute assistance to be invalid or prohibited, it would not have enacted an entire statute regulating the industry. The existence of CROA is direct statutory proof that my use of any lawful representative or credit dispute assistance is a federally protected consumer right — not a basis for rejecting my dispute.

**IV. THE CFPB HAS CONFIRMED THAT CRAs CANNOT BLOCK AUTHORIZED REPRESENTATIVE DISPUTES**

The Consumer Financial Protection Bureau (CFPB) — the federal agency that supervises and enforces the FCRA — has issued supervisory guidance and taken enforcement actions against consumer reporting agencies that use procedural obstacles to avoid their reinvestigation obligations. The CFPB has specifically addressed practices by CRAs of imposing requirements that go beyond what the FCRA specifies.

Since the FCRA expressly permits disputes from 'the consumer or the consumer's representative,' any policy that treats my representative's submission as invalid or as requiring re-submission by me personally is an impermissible additional requirement that the CFPB has the authority to — and does — take enforcement action against.

**V. YOUR REJECTION LETTER DOES NOT SATISFY YOUR LEGAL OBLIGATIONS**

14224086.1.6-10

If your organization has sent me a letter stating that my dispute 'did not come from me' or that you cannot process it, I want to be direct: that letter does not satisfy your reinvestigation obligation under the FCRA. Specifically:

- That response does NOT constitute a completed reinvestigation under 15 U.S.C. § 1681i;
- That response does NOT toll, pause, or extend the 30-day reinvestigation deadline, which began running from the date my dispute was originally received by your organization;
- That response does NOT provide me with the written results of a reinvestigation as required by 15 U.S.C. § 1681i(a)(6);
- That response may itself constitute a violation of 15 U.S.C. § 1681i if it was used as a mechanism to avoid conducting a required reinvestigation;
- That response may constitute a deceptive or misleading communication if it falsely implies to me that my dispute is legally invalid.

The clock on your 30-day reinvestigation obligation under 15 U.S.C. § 1681i(a)(1) began running from the date my original dispute was received. Sending me a rejection letter does not reset that clock. If 30 days pass from the original submission without a completed reinvestigation, your organization will be in violation of the FCRA.

## VI. THIS IS MY DIRECT WRITTEN CONFIRMATION — PROCESS MY DISPUTES NOW

To remove any possible basis for your organization to claim uncertainty about whether these disputes came from me, I am providing my direct written confirmation:

**I personally and directly confirm that all disputes previously submitted regarding my credit file are my disputes. I authorized their submission. I stand behind every dispute. I am the consumer whose rights under the FCRA are at stake, and I am demanding that you fulfill your legal obligation to conduct a reasonable reinvestigation of every disputed item.**

The items I am disputing appear on my credit report and are inaccurate, incomplete, or unverifiable. Under 15 U.S.C. § 1681i, you are required to reinvestigate these items, and under 15 U.S.C. § 1681e(b), you are required to maintain reasonable procedures to assure maximum possible accuracy. Both obligations apply here and both must be fulfilled.

## VII. CIVIL LIABILITY FOR FAILURE TO COMPLY

I want to make sure your organization understands the legal consequences of refusing to process my disputes or of continuing to send rejection letters that do not satisfy your FCRA obligations:

- 15 U.S.C. § 1681n — Willful Noncompliance: If your organization willfully fails to comply with any FCRA requirement, you are liable to me for actual damages OR statutory damages

14224086.1.7-10

between $100 and $1,000 per violation, plus punitive damages and attorney's fees. Having received this letter, any continued refusal to process my disputes will be treated as willful.

• 15 U.S.C. § 1681o — Negligent Noncompliance: If your organization negligently fails to comply with any FCRA requirement, you are liable for actual damages, costs, and attorney's fees.

• 12 U.S.C. § 5531 — CFPA Enforcement: The CFPB has authority to take enforcement action against unfair, deceptive, or abusive acts or practices, including practices that prevent consumers from effectively exercising their FCRA rights.

I am fully prepared to exercise these rights. This letter will be submitted as evidence of your organization's knowledge of the law and of my dispute if any legal or regulatory action becomes necessary.

**VIII. MY DEMANDS**

I demand that your organization take the following actions immediately:

• PROCESS all previously submitted disputes on my file as valid consumer disputes under 15 U.S.C. § 1681i — beginning immediately;

• COMPLETE a reasonable reinvestigation of each disputed item within 30 days of the original submission date of my disputes;

• SEND me written results of each reinvestigation as required by 15 U.S.C. § 1681i(a)(6);

• DELETE or CORRECT any item that cannot be verified to the standard of maximum possible accuracy under 15 U.S.C. § 1681e(b);

• CEASE sending form rejection letters claiming my disputes are not from me — such letters are legally insufficient and potentially constitute FCRA violations;

• NOTE in my consumer file that I have provided direct written confirmation that all disputes submitted on my behalf are authorized by me.

**IX. IF YOU DO NOT COMPLY**

If your organization fails to process my disputes, continues to send rejection letters, or does not provide written reinvestigation results within 30 days of my original dispute submission, I will immediately take the following actions without further notice:

• File a complaint with the Consumer Financial Protection Bureau at consumerfinance.gov/complaint;

• File a complaint with the Federal Trade Commission;

• File a complaint with my State Attorney General's Consumer Protection Division;

14224086.1.8-10

• Initiate civil litigation in federal district court seeking all available remedies under 15 U.S.C. §§ 1681n and 1681o, including statutory damages, punitive damages, and attorney's fees.

*This letter is my direct, personal communication to you as the consumer. All rights under the FCRA, CROA, CFPA, and all applicable state consumer protection laws are expressly reserved.*

# EXHIBIT G

June 12, 2026

Method of Verification demand sent to Experian National Consumer Assistance Center

14224081.1.1-10

Ashley Richardson
1094 Simonton Hill Ct
Lawrenceville GA 30045
richardson256@gmail.com

USPS CERTIFIED MAIL

9214 8901 4298 0483 9219 78

0014224081000011
Experian
PO Box 4500
Allen TX 75013
USA

14224081.1.2-10

**Ashley Richardson**
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

June 12, 2026

**Experian's National Consumer Assistance**
PO Box 4500
Allen, TX 75013

**SUBJECT: METHOD OF VERIFICATION (MOV) DEMAND & CORE COMPLIANCE NOTIFICATION**

To Whom It May Concern,

This correspondence serves as a formal statutory request for a description of the precise procedures and **Method of Verification (MOV)** implemented by Experian during your recent validation review. This demand is initiated strictly under the authority of the Fair Credit Reporting Act, **15 U.S.C. § 1681i(a)(7).**

Your agency continues to report highly contradictory and unaligned trade line data elements on my credit file. I require complete disclosure of the verification methods for these accounts:

> **1. Bridgecrest Credit Company**
> Account Number: 200063XXXXXX
> Inaccuracy: Inaccurate payment ratings, conflicting repossession status flags, and failure to align structural fields under Metro 2 parameters.

[redacted]

14224081.1.3-10

The electronic presentation of these items reveals substantial compliance defects. Under standard data transmission protocols, information suppliers are mandated to report data without internal contradictions. The presence of these errors demonstrates a failure to follow standardized validation routines, representing a clear consumer law violation under the FCRA.

Please note that any form of generic computer-generated response that lacks the specific names, addresses, and phone numbers of the actual persons involved in verifying this data will be considered a willful violation of the FCRA. I expect a comprehensive resolution and a fully updated credit disclosure showing absolute conformity to accurate data standards.

I look forward to your prompt response within the 15 days provided by law.

Sincerely,

Ashley Richardson

Ashley Richardson

14224081.1.4-10

# NOTICE OF CONSUMER DISPUTE & LEGAL DEMAND FOR REINVESTIGATION

## PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.

## RESPONSE TO CLAIM THAT DISPUTE 'DID NOT COME FROM CONSUMER'

### I. PURPOSE OF THIS LETTER

I am writing directly to you as the consumer whose credit file is at issue. I am aware that your organization has sent — or may send — a response to my recent dispute(s) claiming that the dispute 'did not come from me,' 'appears to have been submitted by a third party,' or that you require me to contact you directly before you will process the dispute.

This letter serves as my direct, personal, written confirmation that:

- The disputes submitted to your organization regarding my credit file are MY disputes. I reviewed my credit report, I identified the inaccurate items, and I directed those disputes to be submitted on my behalf.
- I have the absolute legal right to use any representative, tool, or assistance I choose to submit credit disputes. That right is expressly granted to me by federal law.
- Your organization is legally required to process and reinvestigate my disputes regardless of the format in which they were submitted or whether assistance was used in preparing them.
- Any response claiming my disputes are invalid, not from me, or do not trigger your reinvestigation obligation is factually incorrect and legally insufficient.

### II. FEDERAL LAW GIVES ME THE RIGHT TO DISPUTE THROUGH A REPRESENTATIVE

The Fair Credit Reporting Act is clear. 15 U.S.C. § 1681i(a)(1)(A) states:

***"If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer OR THE CONSUMER'S REPRESENTATIVE, the agency shall, free of charge, conduct a reasonable reinvestigation..."***

Congress deliberately wrote the words 'or the consumer's representative' into the statute. This means I have an explicit, unqualified right under federal law to submit disputes through an authorized representative of my choosing. Your organization's reinvestigation obligation is triggered equally whether I submit a dispute myself by hand or through any representative I have authorized to act on my behalf.

14224081.1.5-10

Your organization has no legal authority to:

- Refuse to process a dispute because it was submitted through a representative or dispute assistance platform;
- Require that I personally resubmit a dispute that has already been submitted on my behalf;
- Impose additional requirements beyond what the FCRA specifies as a condition of processing my dispute;
- Send a rejection letter claiming my dispute is invalid based solely on the method or channel through which it was submitted.

Any such practice is a direct violation of 15 U.S.C. § 1681i and may constitute a deceptive act or practice under the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5531.

**III. THE CREDIT REPAIR ORGANIZATIONS ACT CONFIRMS MY RIGHT TO THIRD-PARTY ASSISTANCE**

The Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 et seq., is a federal law that expressly governs and regulates organizations that assist consumers with credit disputes. CROA exists specifically because Congress recognized that consumers have the right to use professional assistance when disputing credit report information.

If Congress intended for third-party dispute assistance to be invalid or prohibited, it would not have enacted an entire statute regulating the industry. The existence of CROA is direct statutory proof that my use of any lawful representative or credit dispute assistance is a federally protected consumer right — not a basis for rejecting my dispute.

**IV. THE CFPB HAS CONFIRMED THAT CRAs CANNOT BLOCK AUTHORIZED REPRESENTATIVE DISPUTES**

The Consumer Financial Protection Bureau (CFPB) — the federal agency that supervises and enforces the FCRA — has issued supervisory guidance and taken enforcement actions against consumer reporting agencies that use procedural obstacles to avoid their reinvestigation obligations. The CFPB has specifically addressed practices by CRAs of imposing requirements that go beyond what the FCRA specifies.

Since the FCRA expressly permits disputes from 'the consumer or the consumer's representative,' any policy that treats my representative's submission as invalid or as requiring re-submission by me personally is an impermissible additional requirement that the CFPB has the authority to — and does — take enforcement action against.

**V. YOUR REJECTION LETTER DOES NOT SATISFY YOUR LEGAL OBLIGATIONS**

14224081.1.6-10

If your organization has sent me a letter stating that my dispute 'did not come from me' or that you cannot process it, I want to be direct: that letter does not satisfy your reinvestigation obligation under the FCRA. Specifically:

- That response does NOT constitute a completed reinvestigation under 15 U.S.C. § 1681i;
- That response does NOT toll, pause, or extend the 30-day reinvestigation deadline, which began running from the date my dispute was originally received by your organization;
- That response does NOT provide me with the written results of a reinvestigation as required by 15 U.S.C. § 1681i(a)(6);
- That response may itself constitute a violation of 15 U.S.C. § 1681i if it was used as a mechanism to avoid conducting a required reinvestigation;
- That response may constitute a deceptive or misleading communication if it falsely implies to me that my dispute is legally invalid.

The clock on your 30-day reinvestigation obligation under 15 U.S.C. § 1681i(a)(1) began running from the date my original dispute was received. Sending me a rejection letter does not reset that clock. If 30 days pass from the original submission without a completed reinvestigation, your organization will be in violation of the FCRA.

## VI. THIS IS MY DIRECT WRITTEN CONFIRMATION — PROCESS MY DISPUTES NOW

To remove any possible basis for your organization to claim uncertainty about whether these disputes came from me, I am providing my direct written confirmation:

**I personally and directly confirm that all disputes previously submitted regarding my credit file are my disputes. I authorized their submission. I stand behind every dispute. I am the consumer whose rights under the FCRA are at stake, and I am demanding that you fulfill your legal obligation to conduct a reasonable reinvestigation of every disputed item.**

The items I am disputing appear on my credit report and are inaccurate, incomplete, or unverifiable. Under 15 U.S.C. § 1681i, you are required to reinvestigate these items, and under 15 U.S.C. § 1681e(b), you are required to maintain reasonable procedures to assure maximum possible accuracy. Both obligations apply here and both must be fulfilled.

## VII. CIVIL LIABILITY FOR FAILURE TO COMPLY

I want to make sure your organization understands the legal consequences of refusing to process my disputes or of continuing to send rejection letters that do not satisfy your FCRA obligations:

- 15 U.S.C. § 1681n — Willful Noncompliance: If your organization willfully fails to comply with any FCRA requirement, you are liable to me for actual damages OR statutory damages

14224081.1.7-10

between $100 and $1,000 per violation, plus punitive damages and attorney's fees. Having received this letter, any continued refusal to process my disputes will be treated as willful.

• 15 U.S.C. § 1681o — Negligent Noncompliance: If your organization negligently fails to comply with any FCRA requirement, you are liable for actual damages, costs, and attorney's fees.

• 12 U.S.C. § 5531 — CFPA Enforcement: The CFPB has authority to take enforcement action against unfair, deceptive, or abusive acts or practices, including practices that prevent consumers from effectively exercising their FCRA rights.

I am fully prepared to exercise these rights. This letter will be submitted as evidence of your organization's knowledge of the law and of my dispute if any legal or regulatory action becomes necessary.

**VIII. MY DEMANDS**

I demand that your organization take the following actions immediately:

• PROCESS all previously submitted disputes on my file as valid consumer disputes under 15 U.S.C. § 1681i — beginning immediately;

• COMPLETE a reasonable reinvestigation of each disputed item within 30 days of the original submission date of my disputes;

• SEND me written results of each reinvestigation as required by 15 U.S.C. § 1681i(a)(6);

• DELETE or CORRECT any item that cannot be verified to the standard of maximum possible accuracy under 15 U.S.C. § 1681e(b);

• CEASE sending form rejection letters claiming my disputes are not from me — such letters are legally insufficient and potentially constitute FCRA violations;

• NOTE in my consumer file that I have provided direct written confirmation that all disputes submitted on my behalf are authorized by me.

**IX. IF YOU DO NOT COMPLY**

If your organization fails to process my disputes, continues to send rejection letters, or does not provide written reinvestigation results within 30 days of my original dispute submission, I will immediately take the following actions without further notice:

• File a complaint with the Consumer Financial Protection Bureau at consumerfinance.gov/complaint;

• File a complaint with the Federal Trade Commission;

• File a complaint with my State Attorney General's Consumer Protection Division;

14224081.1.8-10

- Initiate civil litigation in federal district court seeking all available remedies under 15 U.S.C. §§ 1681n and 1681o, including statutory damages, punitive damages, and attorney's fees.

*This letter is my direct, personal communication to you as the consumer. All rights under the FCRA, CROA, CFPA, and all applicable state consumer protection laws are expressly reserved.*

# EXHIBIT H

June 12, 2026

Method of Verification demand sent to TransUnion Consumer Solutions

14224089.1.1-10

Ashley Richardson
1094 Simonton Hill Ct
Lawrenceville GA 30045
Richardson256@gmail.com

USPS CERTIFIED MAIL

9214 8901 4298 0483 9219 92

00142240890000011
Transunion Consumer Solutions
PO Box 2000
Chester PA 19016
USA

14224089.1.2-10

**Ashley Richardson**
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

June 12, 2026

**TransUnion Consumer Solutions**
PO Box 2000
Chester, PA 19016 - 2000

**SUBJECT: FORMAL DEMAND FOR METHOD OF VERIFICATION (MOV) UNDER 15 U.S.C. § 1681I(A)(7)**

To Whom It May Concern,

I am writing regarding the investigation results previously returned by TransUnion. A careful audit of my consumer report shows distinct, persistent discrepancies that violate federal consumer laws and standard data compliance metrics. Consequently, I am exercising my legal right under the Fair Credit Reporting Act, specifically **15 U.S.C. § 1681i(a)(7)**, to demand the exact **Method of Verification (MOV)** used to confirm the accuracy of these records.

Please provide a detailed procedural description and verification proofs for each of the following specific trade lines:

> **1. Bridgecrest Credit Company**
> Account Number: 20008437****
> Discrepancy Detail: Contradictory records between repossession status indications and historical payment profiles, alongside structural field defects failing Metro 2 standards.

[redacted]

4089.1.3-10

[redacted]

As a credit repository, you have a strict legal obligation to ensure that the information reported is 100% accurate and formatted correctly. Merely transmitting an electronic query via automated networks does not constitute a lawful verification under federal law. The ongoing misalignments across these trade lines demonstrate a clear systemic failure to maintain Metro 2 electronic formatting protocols, constituting a consumer law violation that negatively affects my credit profile.

I demand that TransUnion provide a complete explanation and resolution, including the names, physical addresses, and direct phone numbers of the specific individuals contacted at each corresponding institution during your verification procedure.

Please transmit this statutory information within the strictly enforced 15-day legal timeframe to prevent further escalation and formal complaints to state and federal oversight agencies.

Sincerely,

Ashley Richardson

**Ashley Richardson**

14224089.1.4-10

# NOTICE OF CONSUMER DISPUTE & LEGAL DEMAND FOR REINVESTIGATION

## PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.

## RESPONSE TO CLAIM THAT DISPUTE 'DID NOT COME FROM CONSUMER'

### I. PURPOSE OF THIS LETTER

I am writing directly to you as the consumer whose credit file is at issue. I am aware that your organization has sent — or may send — a response to my recent dispute(s) claiming that the dispute 'did not come from me,' 'appears to have been submitted by a third party,' or that you require me to contact you directly before you will process the dispute.

This letter serves as my direct, personal, written confirmation that:

- The disputes submitted to your organization regarding my credit file are MY disputes. I reviewed my credit report, I identified the inaccurate items, and I directed those disputes to be submitted on my behalf.
- I have the absolute legal right to use any representative, tool, or assistance I choose to submit credit disputes. That right is expressly granted to me by federal law.
- Your organization is legally required to process and reinvestigate my disputes regardless of the format in which they were submitted or whether assistance was used in preparing them.
- Any response claiming my disputes are invalid, not from me, or do not trigger your reinvestigation obligation is factually incorrect and legally insufficient.

### II. FEDERAL LAW GIVES ME THE RIGHT TO DISPUTE THROUGH A REPRESENTATIVE

The Fair Credit Reporting Act is clear. 15 U.S.C. § 1681i(a)(1)(A) states:

***"If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer OR THE CONSUMER'S REPRESENTATIVE, the agency shall, free of charge, conduct a reasonable reinvestigation..."***

Congress deliberately wrote the words 'or the consumer's representative' into the statute. This means I have an explicit, unqualified right under federal law to submit disputes through an authorized representative of my choosing. Your organization's reinvestigation obligation is triggered equally whether I submit a dispute myself by hand or through any representative I have authorized to act on my behalf.

14224089.1.5-10

Your organization has no legal authority to:

- Refuse to process a dispute because it was submitted through a representative or dispute assistance platform;
- Require that I personally resubmit a dispute that has already been submitted on my behalf;
- Impose additional requirements beyond what the FCRA specifies as a condition of processing my dispute;
- Send a rejection letter claiming my dispute is invalid based solely on the method or channel through which it was submitted.

Any such practice is a direct violation of 15 U.S.C. § 1681i and may constitute a deceptive act or practice under the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5531.

**III. THE CREDIT REPAIR ORGANIZATIONS ACT CONFIRMS MY RIGHT TO THIRD-PARTY ASSISTANCE**

The Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 et seq., is a federal law that expressly governs and regulates organizations that assist consumers with credit disputes. CROA exists specifically because Congress recognized that consumers have the right to use professional assistance when disputing credit report information.

If Congress intended for third-party dispute assistance to be invalid or prohibited, it would not have enacted an entire statute regulating the industry. The existence of CROA is direct statutory proof that my use of any lawful representative or credit dispute assistance is a federally protected consumer right — not a basis for rejecting my dispute.

**IV. THE CFPB HAS CONFIRMED THAT CRAs CANNOT BLOCK AUTHORIZED REPRESENTATIVE DISPUTES**

The Consumer Financial Protection Bureau (CFPB) — the federal agency that supervises and enforces the FCRA — has issued supervisory guidance and taken enforcement actions against consumer reporting agencies that use procedural obstacles to avoid their reinvestigation obligations. The CFPB has specifically addressed practices by CRAs of imposing requirements that go beyond what the FCRA specifies.

Since the FCRA expressly permits disputes from 'the consumer or the consumer's representative,' any policy that treats my representative's submission as invalid or as requiring re-submission by me personally is an impermissible additional requirement that the CFPB has the authority to — and does — take enforcement action against.

**V. YOUR REJECTION LETTER DOES NOT SATISFY YOUR LEGAL OBLIGATIONS**

14224089.1.6-10

If your organization has sent me a letter stating that my dispute 'did not come from me' or that you cannot process it, I want to be direct: that letter does not satisfy your reinvestigation obligation under the FCRA. Specifically:

- That response does NOT constitute a completed reinvestigation under 15 U.S.C. § 1681i;
- That response does NOT toll, pause, or extend the 30-day reinvestigation deadline, which began running from the date my dispute was originally received by your organization;
- That response does NOT provide me with the written results of a reinvestigation as required by 15 U.S.C. § 1681i(a)(6);
- That response may itself constitute a violation of 15 U.S.C. § 1681i if it was used as a mechanism to avoid conducting a required reinvestigation;
- That response may constitute a deceptive or misleading communication if it falsely implies to me that my dispute is legally invalid.

The clock on your 30-day reinvestigation obligation under 15 U.S.C. § 1681i(a)(1) began running from the date my original dispute was received. Sending me a rejection letter does not reset that clock. If 30 days pass from the original submission without a completed reinvestigation, your organization will be in violation of the FCRA.

## VI. THIS IS MY DIRECT WRITTEN CONFIRMATION — PROCESS MY DISPUTES NOW

To remove any possible basis for your organization to claim uncertainty about whether these disputes came from me, I am providing my direct written confirmation:

**I personally and directly confirm that all disputes previously submitted regarding my credit file are my disputes. I authorized their submission. I stand behind every dispute. I am the consumer whose rights under the FCRA are at stake, and I am demanding that you fulfill your legal obligation to conduct a reasonable reinvestigation of every disputed item.**

The items I am disputing appear on my credit report and are inaccurate, incomplete, or unverifiable. Under 15 U.S.C. § 1681i, you are required to reinvestigate these items, and under 15 U.S.C. § 1681e(b), you are required to maintain reasonable procedures to assure maximum possible accuracy. Both obligations apply here and both must be fulfilled.

## VII. CIVIL LIABILITY FOR FAILURE TO COMPLY

I want to make sure your organization understands the legal consequences of refusing to process my disputes or of continuing to send rejection letters that do not satisfy your FCRA obligations:

- 15 U.S.C. § 1681n — Willful Noncompliance: If your organization willfully fails to comply with any FCRA requirement, you are liable to me for actual damages OR statutory damages

14224089.1.7-10

between $100 and $1,000 per violation, plus punitive damages and attorney's fees. Having received this letter, any continued refusal to process my disputes will be treated as willful.

• 15 U.S.C. § 1681o — Negligent Noncompliance: If your organization negligently fails to comply with any FCRA requirement, you are liable for actual damages, costs, and attorney's fees.

• 12 U.S.C. § 5531 — CFPA Enforcement: The CFPB has authority to take enforcement action against unfair, deceptive, or abusive acts or practices, including practices that prevent consumers from effectively exercising their FCRA rights.

I am fully prepared to exercise these rights. This letter will be submitted as evidence of your organization's knowledge of the law and of my dispute if any legal or regulatory action becomes necessary.

**VIII. MY DEMANDS**

I demand that your organization take the following actions immediately:

• PROCESS all previously submitted disputes on my file as valid consumer disputes under 15 U.S.C. § 1681i — beginning immediately;

• COMPLETE a reasonable reinvestigation of each disputed item within 30 days of the original submission date of my disputes;

• SEND me written results of each reinvestigation as required by 15 U.S.C. § 1681i(a)(6);

• DELETE or CORRECT any item that cannot be verified to the standard of maximum possible accuracy under 15 U.S.C. § 1681e(b);

• CEASE sending form rejection letters claiming my disputes are not from me — such letters are legally insufficient and potentially constitute FCRA violations;

• NOTE in my consumer file that I have provided direct written confirmation that all disputes submitted on my behalf are authorized by me.

**IX. IF YOU DO NOT COMPLY**

If your organization fails to process my disputes, continues to send rejection letters, or does not provide written reinvestigation results within 30 days of my original dispute submission, I will immediately take the following actions without further notice:

• File a complaint with the Consumer Financial Protection Bureau at consumerfinance.gov/complaint;

• File a complaint with the Federal Trade Commission;

• File a complaint with my State Attorney General's Consumer Protection Division;

14224089.1.8-10

- Initiate civil litigation in federal district court seeking all available remedies under 15 U.S.C. §§ 1681n and 1681o, including statutory damages, punitive damages, and attorney's fees.

*This letter is my direct, personal communication to you as the consumer. All rights under the FCRA, CROA, CFPA, and all applicable state consumer protection laws are expressly reserved.*

# EXHIBIT I

June 24, 2026

TransUnion Investigation Results (File No. 314826611)

QSLWM

Quilling, Selander, Lownds,
Winslett & Moser, P.C.

**SAMIN AGHA**
sagha@qslwm.com

**DIRECT: (214) 560-5443**
**FAX: (214) 871-2111**

June 24, 2026

**VIA U.S. MAIL AND EMAIL**
Richardson256@gmail.com
Ashley Richardson
1094 Simonton Hill Court
Lawrenceville, GA 30045

Re: Case No. 1:25-cv-05212-JPB-CCB; Northern District of Georgia, Atlanta Division
*Ashley Richardson v. Transunion, LLC*

Dear Ms. Richardson:

Regarding the above-referenced matter, enclosed please find Investigation Results dated June 24, 2026.

If you have any questions, do not hesitate to contact me.

Sincerely,

Samin Agha
SA/vr

Enclosures

*** 314826611-390 ***

06/24/2026

Information for Good.

ASHLEY MONIQUE RICHARDSON
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

Dear ASHLEY MONIQUE RICHARDSON,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete. After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1. Updated your credit report based on the information you provided; OR
2. Determined that the information you disputed either does not appear on your credit file or already shows the requested status; OR
3. Determined that the data furnisher had previously verified the reported information. If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4. Asked the data furnisher reporting the information you disputed to do all of the following:
   - Review relevant information we sent them, including any provided documents
   - Investigate your dispute and verify whether the information they report is accurate
   - Provide us a response to your dispute and update any other information
   - Update their records and systems, if necessary;

Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact TransUnion.

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully. To view a full copy of your credit report and for more information about how to read your credit report, please visit www.transunion.com/fullreport.

---

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results.**

## A Note on Credit Report Updates

Information in your credit report is updated frequently which means items you disputed may not appear on your credit report or have already changed by the time we received your dispute. In most cases, the **Date Updated** represents the last time the account information was updated or reported by the data furnisher. Please note that this date may not change following our investigation of your dispute. For **Payment Received** and **Last Payment Made**, please keep in mind, the data may not represent very recent payment activity.

If information was removed or updated as a result of your dispute, the "Your Investigation Results" section below will note that an update was made. An update can include a change to the information or the removal of the information entirely from your credit file. For example, if a field was removed as a result of your dispute, the description will indicate that a change was made to that field. If information was removed, it will no longer appear in the account details.

## Definitions

For your reference, here are some definitions to help you understand **Your Investigation Results.**

**For ACCOUNTS:**

| | |
|---|---|
| **Balance:** The balance owed as of the date the account was verified or reported | **Original Charge Off:** If applicable, the amount charged off due to non-payment of the account |
| **Credit Limit:** The maximum amount of credit approved by the creditor on the account | **Past Due:** The amount past due as of the date the account was verified or reported |
| **Date Opened:** The date the account was Opened | **Pay Status:** The current status of the account; how you are currently paying. For accounts that have been paid and closed, sold, or transferred, it represents the last reported status of the account. |
| **High Balance:** The highest amount ever owed on an account | **Remarks:** If applicable, the creditor may provide additional information here related to the account |
| **Last Payment Made:** The date the creditor received the last payment on the account | **Responsibility:** The type of contractual ownership (individual, joint, authorized user, etc.) of the account |
| **Maximum Delinquency:** If applicable, the maximum amount past due before an account becomes a charge-off or a collection account | **Terms:** The monthly payment amount or monthly minimum payment due on the account |

### Historical Trended Data

Accounts on your credit report may include historical account information, which TransUnion has collected from account updates provided by your creditor for up to 30 months. On your credit report, this historical trended data may have appeared in a grid below each account along with information reflecting the timeliness of your payments and may include the following data: Date Updated, Balance, Amount Due, Amount Paid, Past Due, Credit Limit, High Balance and Remarks.

Please note: Once an account is disputed, the historical trended data is removed from your credit file and will not be displayed on these results. However, the rating information reflecting the timeliness of your payments will remain and reflect any updates provided by the creditor, if applicable.

## Rating Key

Your accounts may also include up to 84 months of rating information. Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. This rating key will help you understand any updates to your **PAYMENT HISTORY**, if applicable to **YOUR INVESTIGATION RESULTS.** Any rating that is shaded or any value in the account detail appearing with brackets (> <) may indicate that it is considered adverse.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

*We're here to help. Scan the QR code for access to our support resources.*

*Or you can visit transunion.com/contact.*

**File Number:** 314826611
**Date Issued:** 06/24/2026



# TransUnion Credit Score

ASHLEY MONIQUE RICHARDSON

## YOUR CREDIT SCORE

| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score<br>**Not Purchased**<br>(See Below)<br>Grade<br>-<br>Created on<br>06/24/2026 | Unavailable<br>(See Below)<br><br> | Unavailable<br>(See Below)<br><br> |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 850 to 300 equaling grade ranges from A to F. | Your credit ranks higher than --% of the nation's population. |

## About your TransUnion Credit Score

TransUnion is now including some Buy Now, Pay Later (BNPL) installment loans, also known as 'point-of-sale installment loans,' on credit reports. At this time, BNPL information provided to TransUnion is visible to you, but scoring providers, lenders, insurers or other authorized companies that may access your credit report will not be able to use this data. As a result, it will not affect credit decisions or credit scores calculated using TransUnion data. In the future, Buy Now, Pay Later data may be factored into credit scores and credit decisions (for example, account opening or account review decisions). If you have questions please visit https://www.transunion.com/buy-now-pay-later to learn more.

## Summary

You did not order a TransUnion credit score. You can purchase your credit score for $9.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

**INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED: A change was made to the item(s) based on your dispute and other information has also changed.**

[redacted]

**BRIDGECREST #20008437****** ( P O BOX 29018, PHOENIX, AZ 85038, (800) 843-3825 )
We investigated the information you disputed and updated: **Date Closed; Rating; Historical Trended Data.**
Here is how this item appears on your credit report following our investigation.

**Date Opened:** 05/05/2021
**Responsibility:** Individual Account
**Account Type:** Installment Account
**Loan Type:** AUTOMOBILE
**Balance:** $18,133
**Date Updated:** 04/30/2026
**Payment Received:** 11/30/2025 ($0)
**Last Payment Made:** 11/30/2025
**High Balance:** $28,548
**Original Charge-off:** $18,278
**Past Due:** >$18,133<
**Pay Status:** >Charged Off<
**Terms:** $0 per month, paid Monthly for 72 months
>Maximum Delinquency of 60 days in 06/2025 and in 10/2025<

**Remarks:** ACCT INFO DISPUTED BY CONSUMR; >UNPAID BALANCE CHARGED OFF<
**Estimated month and year that this item will be removed:** 04/2032

| | 03/2026 | 02/2026 | 01/2026 | 12/2025 | 11/2025 | 10/2025 | 09/2025 | 08/2025 | 07/2025 | 06/2025 | 05/2025 | 04/2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | 60 | 60 | 60 | 30 | 60 | OK | OK |

| | 03/2025 | 02/2025 | 01/2025 | 12/2024 | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 | 05/2024 | 04/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 |
|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK |

---

**BRIDGECREST #20006324****** ( P O BOX 29018, PHOENIX, AZ 85038, (800) 843-3825 )
We investigated the information you disputed and updated: **Date Closed; Rating; Historical Trended Data.**
Here is how this item appears on your credit report following our investigation.

**Date Opened:** 08/19/2020
**Responsibility:** Individual Account
**Account Type:** Installment Account
**Loan Type:** AUTOMOBILE
**Balance:** $7,639
**Date Updated:** 04/30/2026
**Payment Received:** 03/14/2026 ($265)
**Last Payment Made:** 03/14/2026
**High Balance:** $21,329
**Past Due:** >$7,639<
**Pay Status:** >Repossession<
**Terms:** $0 per month, paid Monthly for 72 months
>Maximum Delinquency of 90 days in 11/2025<

**Remarks:** ACCT INFO DISPUTED BY CONSUMR; >REPOSSESSION<
**Estimated month and year that this item will be removed:** 06/2032

| | 03/2026 | 02/2026 | 01/2026 | 12/2025 | 11/2025 | 10/2025 | 09/2025 | 08/2025 | 07/2025 | 06/2025 | 05/2025 | 04/2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | OK | OK | OK |

**File Number:** 314826611
**Date Issued:** 06/24/2026



| | 03/2025 | 02/2025 | 01/2025 | 12/2024 | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 | 05/2024 | 04/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

In the preceding pages we have provided details on the results of our investigation. **If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a 100-word statement to your report.** What this means is that you have the right to send us a note of 100 words or less describing your situation or why you disagree with the results, and we will add this statement to your report. Anyone who views your report will see this statement. Please know that if you include any medical information in your statement, this means you're giving TransUnion permission to include that information in any future credit report we issue on your behalf.
- **Dispute directly with the company that reported the information to us.** If you want changes made to information found on your credit report you may dispute with the company that reported it using the contact information listed in **Your Investigation Results.**
- **Provide to us any other information or documents about your dispute.** Please visit www.transunion.com/dispute and let us know you are filing a repeat dispute. Be sure to include any other information or documentation you feel will help us resolve your dispute.
- **File a complaint** about the company reporting the account or about TransUnion with the Consumer Financial Protection Bureau (www.consumerfinance.gov/complaint) or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statement to your report, **you may ask TransUnion to send an updated credit report** to those who have received your report within the last 2 years for employment purposes or within the last 6 months (or 1 year, where applicable) for any other purpose.

**A Note on Inquiries**

An inquiry is posted on your credit report to notify you that a company has requested your report. Companies can only request a credit report for a legitimate business reason (called permissible purpose). Examples of permissible purpose include: credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries stay on your credit report for up to two (2) years. Each company that requested your credit report will be listed in the section on inquires, along with their contact information. Please note, a company doesn't always need your authorization to view your credit report as long as they have a permissible purpose. If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who requested your credit report to find out whether they have opened an account in your name. The company can then investigate and if they determine that someone fraudulently applied for credit in your name, they can close that account and send us a letter requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, you can also call our Fraud Victim Assistance department at 800-680-7289.

## Should You Wish to Contact TransUnion

Please have your TransUnion **FILE NUMBER** available. Your unique **FILE NUMBER** is located at the top of each page of this correspondence.

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For more information please visit our Frequently Asked Questions page at
http://transunion.com/consumerfaqs

**By Mail:**
TransUnion
P. O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 AM – 11:00 PM Eastern Time, Monday through Friday, and Saturday through Sunday between the hours of 8:00 AM and 5:00PM Eastern Time, except major holidays.

## Summary of Rights

| GENERAL SUMMARY OF RIGHTS UNDER THE FCRA |
| --- |

Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.

A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.
- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.
- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.
- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.
- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.
- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.
- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.
- **You may limit prescreened offers of credit and insurance you get based on information in your credit report.** Unsolicited prescreened offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).
- The following FCRA right applies with respect to nationwide consumer reporting agencies:
- **CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE.** You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your

express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

To place a security freeze, a consumer reporting agency will require you to provide appropriate proof of your identity, which may include your Social Security Number. You may place a security freeze on your credit report by contacting each of the three nationwide credit reporting agencies.

- Equifax: 1-800-525-6285; www.equifax.com
- Experian: 1-888-397-3742; www.experian.com
- TransUnion: 1-800-680-7289; www.transunion.com

- **As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost.** An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.
- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court. You may also have the right to file suit under state law.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street, NW,<br>Washington, DC 20552<br><br>b. Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW,<br>Washington, DC 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>P.O. Box 53570<br>Houston, TX 77052<br><br>b. Federal Reserve Consumer Help Center<br>PO Box 1200<br>Minneapolis, MN 55480<br><br>c. Division of Depositor and Consumer Protection<br>National Center for Consumer and Depositor Assistance<br>Federal Deposit Insurance Corporation<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Financial Protection<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Office of Aviation Protection<br>Department of Transportation<br>1200 New Jersey Avenue, SE,<br>Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Public Assistance, Governmental Affairs, and Compliance Surface Transportation Board<br>395 E Street, SW,<br>Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Division Regional Office |
| 6. Small Business Investment Companies | Associate Administrator, Office of Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, Suite 8200<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, NE,<br>Washington, DC 20549 |
| 8. Institutions that are members of the Farm Credit System | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW,<br>Washington, DC 20580 (877) 382-4357 |

# EXHIBIT J

July 1, 2026

Experian account detail records (Report No. 3574-6572-20)

1:34 5G+

Report Number 3574-6572-20

Date Generated Jul 1, 2026

Before After

# BRIDGECREST

**Account info**

Account name

**DRIVETIME/BRIDGECREST**

Account number

**200084XXXXXX**

Account type

**Auto Loan**

Responsibility

**Individual**

Interest type

-

Date opened

**05/05/2021**

Status

**Account charged off. $18, 278 written off. $18, 133 past due as of May 2026.**

Status updated

**Nov 2025**

Balance

usa.experian.com

1:34 5G+

Recent payment

-

Monthly payment

-

Original balance ⓘ

**$28,548**

Highest balance ⓘ

-

Terms

**72 Months**

On record until

**Feb 2032**

**Payment history** ⓘ

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | – | – | – | – | – | – | – |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | 60 | 30 | 60 | 60 | 60 | CO | CO |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | – | – | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met    30 Past due 30 days

60 Past due 60 days    CO Charge off

**Payment history guide**

Charge Off as of May 2026 to Nov 2025

60 days past due as of Oct 2025 to Aug 2025, Jun 2025

usa.experian.com

1:34 5G+

Report Number 3574-6572-20

Date Generated Jul 1, 2026

Before After

# BRIDGECREST

**Your information may have changed since Jul 1, 2026**
View your current credit report

**Account info**

Account name
**DRIVETIME/BRIDGECREST**

Account number
**200084XXXXXX**

Account type
**Auto Loan**

Responsibility
**Individual**

Interest type
-

Date opened
**05/05/2021**

Status
**Account charged off. $18, 278 written off. $18, 133 past due as of Jun 2026.**

usa.experian.com

1:35 5G+

[redacted]

Recent payment
-

Monthly payment
-

Original balance ⓘ
**$28,548**

Highest balance ⓘ
-

Terms
**72 Months**

On record until
**Feb 2032**

**Payment history** ⓘ

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | – | – | – | – | – | – |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | 60 | 30 | 60 | 60 | 60 | CO | CO |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | – | – | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met 30 Past due 30 days
60 Past due 60 days CO Charge off

**Payment history guide**

Charge Off as of Jun 2026 to Nov 2025

60 days past due as of Oct 2025 to Aug 2025,Jun 2025

usa.experian.com

# EXHIBIT K

July 7, 2026

Equifax Investigation Results (Confirmation # 6179510675)

P.O. Box 740241
Atlanta, GA 30374

EQUIFAX®

Date: July 07, 2026
Confirmation # 6179510675

ASHLEY M RICHARDSON
1094 SIMONTON HILL CT
LAWRENCEVILLE, GA 30045-3531

---

This section intentionally left blank

Prepared for:

**ASHLEY M RICHARDSON**

EQUIFAX®

Date: July 07, 2026
Confirmation # 6179510675

We have completed our investigation of your dispute request. The following pages contain details about the information that you disputed and the results of our investigation.

**There are a few things to know about the credit report dispute process:**

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the disputed information to Equifax so that they could further research your dispute.

**When we contacted the reporting company to research your dispute:**

- We requested that the reporting company verify the accuracy of the information you disputed;
- We provided them with any relevant information and supporting documentation you provided us with the dispute to consider as part of their research; and
- We requested that they send Equifax a response to your dispute and update their records and systems, as necessary.

**Reading your dispute result:**

- We have provided information about each item that you disputed, including how it currently appears on your Equifax credit report.
- The results of your dispute are specific to each item that you disputed and may be different. For each item, we either confirmed that the disputed item is either reporting correctly, updated information about the item, or removed the item from your credit report.
- Where it is available, we have provided the payment history for disputed credit accounts. The below legend provides information about how to read the payment history status of the account in each month.

**Payment History Legend**

| | | | | |
|---|---|---|---|---|
| ✓ Paid on Time | **30** 30 Days Past Due | **60** 60 Days Past Due | **90** 90 Days Past Due | **120** 120 Days Past Due |
| **150** 150 Days Past Due | **180** 180 Days Past Due | **V** Voluntary Surrender | **F** Foreclosure | **C** Collection Account |
| **CO** Charge Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate | ▪ No Data Available |

**We are here to help:**

If you have any questions about your dispute result after reviewing this document, please visit us at **www.equifax.com/personal/disputes**, or call us at **1-888-EQUIFAX (888-378-4329)**.

# Disputed Credit Accounts

**Bridgecrest Credit Company** 7465 E Hampton Ave, Mesa, AZ, 85209 | (800) 967-8526

**When we received your dispute, your credit account information was:**

Account Number: ***5101** | Owner: **Individual Account**
Loan/Account Type: **Auto** | Status: **Repossession**

Date Reported: **06/03/2026** | Balance: **$7,639**
Credit Limit: - | High Credit: **$21,329**

Date Opened: **08/19/2020**
Date of Last Activity: -
Scheduled Payment Amount: **$0**
Actual Payment Amount: **$3,253**
Date of Last Payment: **03/14/2026**
Term Duration: **72 Months**

Date of 1st Delinquency: **07/28/2025**
Date Major Delinquency 1st Reported: **06/03/2026**
Amount Past Due: **$7,639**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **70**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 213, 214**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | R | - | - | - | - | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 60 | 60 | 90 | R |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

| Narrative Code | Narrative Code Description |
|---|---|
| 166 | Consumer Disputes This Account Information |
| 213 | Involuntary Repossession |
| 214 | Auto |

**You indicated that this account information was inaccurate. Our investigation concluded that the disputed information is reporting accurately.**

**The credit account information after completing the dispute investigation is:**

Account Number: ***5101** | Owner: **Individual Account**
Loan/Account Type: **Auto** | Status: **Repossession**

Date Reported: **07/07/2026** | Balance: **$7,639**
Credit Limit: - | High Credit: **$21,329**

Date Opened: **08/19/2020**
Date of Last Activity: -
Scheduled Payment Amount: **$0**
Actual Payment Amount: **$3,253**
Date of Last Payment: **03/14/2026**
Term Duration: **72 Months**

Date of 1st Delinquency: **07/28/2025**
Date Major Delinquency 1st Reported: -
Amount Past Due: **$7,639**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **70**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 213, 214**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | R | - | - | - | - | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 60 | 60 | 90 | R |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

| Narrative Code | Narrative Code Description |
|---|---|
| 166 | Consumer Disputes This Account Information |
| 213 | Involuntary Repossession |
| 214 | Auto |

**Answers to your questions or general requests:**

When we receive your dispute, we first review the information and consider any relevant information you submitted regarding your dispute. If additional research is needed, Equifax will send your dispute and the information you shared to the company that furnished the information to Equifax - like a credit card company. They will review the information and conduct their own research. They will send the results back and Equifax will review it. If your dispute is related to a bankruptcy, Equifax searches for the most recent update to that bankruptcy information. We may also hire a vendor to obtain the most recent filing from the public record source. Once the information is returned to us, Equifax will make updates to your credit report as needed. If you want to see who we contacted during the dispute process, you can find the name and contact information, if available, in the Results of Investigation Letter sent to you.

**What should I do if I do not agree with the dispute results?**

**You have rights:**

- You have the right to add a statement of up to 100 words to your credit report to provide more information on an item you disagree with or would like to provide details on. A consumer statement is visible to lenders and other third parties who access your Equifax credit report; it will not affect your credit score. You can add, edit or delete your consumer statement on your Equifax credit report for free and at any time. By adding a consumer statement, you expressly consent to include this information in every credit report we issue about you.
- Or, if you have new or additional evidence of the inaccuracy, you may re-file your dispute by visiting our website **www.equifax.com/personal/disputes**, mailing your documents to Equifax, P.O. Box 740256, Atlanta, GA 30374-0256, or contact us by calling us at 888-EQUIFAX (888-378-4329).
- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.
- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

**Additional information about your rights:**

- If the reinvestigation results in the deletion of disputed information, or you submit a consumer statement, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.
- You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number. For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://www.equifax.com/personal/help/disputes/.